T.C. Summary Opinion 2006-41

UNITED STATES TAX COURT

RUSSELL CLIFFORD MULLEN AND JOAN MARIE MULLEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4715-04S.                    Filed March 16, 2006.

Russell Clifford Mullen and Joan Marie Mullen, pro se.

Noelle C. White, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

--------

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

Respondent determined a $2,498 deficiency in petitioners' 2001 Federal income tax. The issues are (1) whether $14,970.84 in disability annuity payments paid to petitioner Joan Marie Mullen (petitioner) by the United States Railroad Retirement Board[2] (RRB) is includable in petitioners' 2001 income and (2) whether interest payments of $245 received by petitioners are includable in petitioners' 2001 income. At the time the petition was filed petitioners resided in Baltimore, Maryland.

## Background

Petitioner was born on November 10, 1941, and worked as a clerk for CSX, a railroad company, from July 28, 1981, to June 2, 1991. Petitioner was not employed from June 2, 1991, to January 31, 1998. In 1998, before reaching the minimum retirement age, petitioner applied for and was granted a disability annuity under the Railroad Retirement Act of 1974, Pub. L. 93-445, 87 Stat. 162, currently codified at 45 U.S.C. sec. 231a(a)(1)(v), by the RRB. The RRB found that January 31, 1998, was the onset date of petitioner's disability, entitling her to disability annuity payments as of July 1, 1998.

Petitioner received $14,970.84 in annuity payments from the RRB during the 2001 taxable year. For that year, petitioner

---

[2] The Railroad Retirement Board is an independent agency of the United States charged with the administration of the Railroad Retirement Act, ch. 868, 48 Stat. 1287 (1934), and the Railroad Unemployment Insurance Act, ch. 680, 52 Stat. 1094 (1938).

received a Form RRB-1099-R, Annuities or Pensions by the Railroad Retirement Board.  Listed on the Form RRB-1099-R are the following amounts:

| | |
|---|---|
| Employee contributions | $11,415.58 |
| Contributory amount paid | 14,970.84 |
| Total gross paid | 14,970.84 |
| Federal income tax withheld | -0- |

Petitioners did not include any of the annuity payments as income on their 2001 Federal income tax return.

Due to an adjustment made to petitioners' 1999 Federal income tax liability petitioners received a refund of $2,722 from the Internal Revenue Service in 2001 that included an interest payment to petitioners of $241.  Petitioners also received $4 in interest income from Provident Bank.  The Internal Revenue Service and Provident Bank each reported these respective payments on a Form 1099-INT, Interest.  Petitioners did not include either interest payment as income on their 2001 Federal income tax return.

Upon examination, respondent included the entire disability annuity payments of $14,970.84 and the $245 of interest in petitioners' income for 2001.

### Discussion

1.  <u>Railroad Retirement Disability Annuity Payments</u>

Petitioners contend that the disability annuity payments are not includable in gross income because they are attributable to a

return of employee contributions.[3]

Benefits received from railroad retirement programs generally have two components, identified as Tier 1 and Tier 2 benefits. Absent disability, no railroad retirement benefits are paid until the employee reaches age 62 or is at least 60 years old and has completed 30 years of service. Railroad Retirement Act of 1974, Pub. L. 93-445, 87 Stat. 162, currently codified at 45 U.S.C. sec. 231a(a)(1)(v). Tier 1 benefits are essentially the equivalent of Social Security benefits and are taxed under the provisions of section 86. Sec. 86(d)(1)(B); see Ernzen v. United States, 875 F.2d 228, 229 (9th Cir. 1989). Petitioner's disability annuity payments are not essentially the equivalent of a Social Security benefit and thus are not Tier 1 benefits taxed under section 86.[4]

Tier 2 benefits consist of all benefits under the Railroad Retirement Act of 1974 other than Tier 1 benefits and are taxed

---

[3] Petitioners do not contend that the annuity distribution is exempt under either sec. 104, compensation for illness, or sec. 105, amounts received under health plans. We have examined both sections and do not find that either applies.

[4] Petitioner applied to the RRB for a Social Security equivalent benefit designation for her disability annuity. Her request was denied because she did not meet the requirement of having worked 20 out of the 40 quarters preceding the date of the onset of the disability under the Social Security Act, ch. 531, 49 Stat. 620 (1933), currently codified at 42 U.S.C. sec. 416(i) (2000). Petitioner left work 7 years before the date of the onset of the disability of Jan. 31, 1998, therefore, the disability annuity was not eligible for a Social Security equivalent benefit designation.

as private pensions.  Section 72(r)(1) provides that for income tax purposes, Tier 2 railroad retirement benefits are treated "as a benefit provided under an employer plan which meets the requirements of section 401(a)."  Section 401(a) pensions are treated as annuities and are taxable under section 72.  Sec. 402(a).

Section 72(a) generally requires that any amount received as an annuity be included in gross income.  Under section 72(b) "Gross income does not include that part of any amount received as an annuity * * * which bears the same ratio to such amount as the investment in the [annuity] contract * * * bears to the expected return".  See also sec. 72(d).  Petitioner contends that the amount she received in 2001 as a disability annuity was a return of her investment in the railroad retirement program and therefore not includable in income.

Section 72 generally "does not apply to any amount received as an accident or health benefit".  Sec. 1.72-15(b), Income Tax Regs.  Amounts received as a result of a disability are accident or health benefits within the meaning of section 1.72-15, Income Tax Regs.  If an employer plan to which section 72 applies specifically provides for accident or health benefits that are attributable to employee contributions, then such portion of that benefit is excludable from gross income under section 104(a)(3).  Sec. 1.72-15(c)(1), Income Tax Regs.  On the other hand, if a

plan does not expressly provide for accident or health benefits attributable to employee contributions and what portion of the employee contributions is to be used for such purpose, then it will be presumed that no employee contributions are used to provide such benefits. Sec. 1.72-15(c)(2), Income Tax Regs. Any amounts received as accident or health benefits and not attributable to contributions of the employee are includable in gross income except to the extent excludable under section 105(b) or (c). Sec. 1.72-15(d), Income Tax Regs. As previously noted, we have concluded that section 105 does not apply in this case.

Although section 72 applies to Tier 2 railroad retirement benefits, there is no indication that petitioner contributed to a plan that expressly provided for accident or health benefits attributable to employee contributions. She did not provide any evidence or documentation of the existence, terms, or participation in such a plan.[5] Nor is there any indication in the Railroad Retirement Act of 1974 that a portion of the employees' contributions was attributable to an accident or health plan. Without evidence that the plan's terms expressly provide for accident and health benefits attributable to employee

---

[5] Sec. 7491(a) does not shift the burden of proof to respondent because petitioner has provided no credible evidence regarding the terms of her retirement plan. Sec. 7491(a)(1).

contributions, we must presume that no employee contributions were used to provide petitioner's disability annuity payments. Sec. 1.72-15(c)(2), Income Tax Regs.

Furthermore, we conclude that with 10 years of service, petitioner was not eligible for retirement until she turned 62 on November 10, 2003, and that the railroad retirement benefits she received in 2001 were on account of a disability and are includable in gross income.

In sum, petitioner's disability annuity payments are not subject to the return of capital provisions of section 72(b) (or section 72(d)) and are fully taxable. See secs. 61(a)(9), (11), 72(a). Respondent's determination on this issue is sustained.

2. Interest Payments

Section 61(a)(4) provides that interest payments are to be included in gross income. Petitioners stipulated that they received $241 in interest from the Internal Revenue Service and $4 in interest from Provident Bank. Petitioners failed to address in their petition the reason they did not include either interest payment in their 2001 income. We find, therefore, that

petitioners have conceded the issue of inclusion into income of both interest payments.[6] Respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

_____

[6] We note at the conclusion of the trial on Feb. 14, 2005, petitioners were directed to file a memorandum in response to respondent's pretrial memorandum by Mar. 21, 2005. No such memorandum by petitioners was filed, and the record was ordered closed on Mar. 31, 2005.